[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiffs appeal the decision of the defendant planning and zoning commission approving the issuance of a special permit to defendant Henshon-Wingard Associates, Inc. for the construction of a building and the operation of an indoor tennis facility on land owned by Henshon-Wingard. The plaintiffs appeal pursuant to C.G.S. 8-8.
Based on evidence presented at the hearing on this appeal, including stipulations of the parties, the court finds that the plaintiffs own property contiguous to the property which is the subject of the appeal and are, therefore, statutorily aggrieved by the commission's decision.
A significant factor in the commission's decision was the prior approval of a wetlands permit issued in connection with the same project by the Enfield Inland Wetlands and Water Courses Commission. This court has, on this date, sustained the appeal of these plaintiffs of that commission's decision. The consequent invalidity of the wetlands permit CT Page 4509 constitutes a material change in the facts and circumstances on which the commission's decision was based.
Ordinarily, a commission "cannot reverse its previous decision unless the facts and circumstances that actuated the decision are shown to have so changed as to vitiate or materially to affect the reason that produced and supported the decision." Sharp v. ZBA, 43 Conn. App. 512, 522
(1996). The corollary to this rule is that a commission may reverse its previous decision if there has been such a material change in circumstances. In this case, the commission should have the opportunity to review its decision and determine, after a hearing, whether it should affirm or reverse its decision.
The appeal is sustained, and the case is remanded to the commission for further proceedings consistent with this decision.
Maloney, J.